I hereby certify that this instrument is a true and correct copy of
the original on file in my office. Attest: Sandy Opacich, Clerk
U.S. District Court, Northern District of Ohio
By: /s/Robert Pitts
Deputy Clerk



**UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION**

IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION          MDL No. 2804

**TRANSFER ORDER**

      **Before the Panel**:[*] Plaintiffs in twenty actions move under Panel Rule 7.1 to vacate the orders conditionally transferring their respective actions, which are listed on Schedule A, to MDL No. 2804. Various defendants[1] oppose the motions.

      After considering the arguments of counsel, we find these actions involve common questions of fact with the actions previously transferred to MDL No. 2804, and that transfer under 28 U.S.C. § 1407 will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. Moreover, transfer is warranted for the reasons set forth in our order directing centralization. In that order, we held that the Northern District of Ohio was an appropriate Section 1407 forum for actions sharing factual questions regarding the allegedly improper marketing and distribution of various prescription opiate medications into states, cities, and towns across the country. *See In re Nat'l Prescription Opiate Litig.,* 290 F. Supp.3d 1375, 1378-79 (J.P.M.L. 2017).

      Despite some variances among the actions before us, all share a factual core with the MDL actions: the manufacturer and distributor defendants' alleged knowledge of and conduct regarding the diversion of these prescription opiates, as well as the manufacturers' allegedly improper marketing of the drugs. *See id.* These actions therefore fall within the MDL's ambit.

      Plaintiffs oppose transfer and principally argue that federal jurisdiction is lacking over their cases. But opposition to transfer based on a jurisdictional challenge is insufficient to warrant vacating

---

[*] Judges Karen K. Caldwell, Ellen Segal Huvelle and Nathaniel M. Gorton did not participate in the decision of this matter.

[1] Amerisourcebergen Corp. and Amerisourcebergen Drug Corp.; Cardinal Health, Inc., Cardinal Health 5, LLC, Cardinal Health 100, Inc., Cardinal Health 108, LLC, Cardinal Health 110, LLC, Cardinal Health 113, Cardinal Health 122, LLC, Cardinal Health 132, LLC, Cardinal Health 200, LLC, Cardinal Health 201, Inc., Cardinal Health 414, LLC, Cardinal Health Pharmacy Services, LLC; McKesson Corp. (distributor defendants); Actavis, LLC, Actavis Pharma, Inc.; Allergan Finance LLC, Allergan PLC, Allergan Sales, LLC, Allergan USA, Inc., Cephalon, Inc.; Endo Health Solutions Inc., Endo Pharmaceuticals, Inc.; Hikma Pharmaceuticals USA, Inc.; Janssen Pharmaceuticals, Inc.; Johnson & Johnson; Mallinckrodt PLC, Mallinckrodt LLC, and Mallinkrodt Brand Pharmaceuticals; Par Pharmaceuticals, Inc., Par Pharmaceutical Companies, Inc.; SpecGx LLC; Teva Pharmaceutical Industries Ltd.;. Teva Pharmaceuticals USA, Inc.; and Watson Laboratories, Inc. (manufacturing defendants).

conditional transfer of factually related cases.[2] Several plaintiffs also argue that including their actions in this large MDL will cause them inconvenience and delay the progress of their actions. Given the undisputed factual overlap with the MDL proceedings, transfer is justified in order to facilitate the efficient conduct of the litigation as a whole. *See In re Watson Fentanyl Patch Prods. Liab. Litig.*, 883 F. Supp. 2d 1350, 1351-52 (J.P.M.L. 2012) ("[W]e look to the overall convenience of the parties and witnesses, not just those of a single plaintiff or defendant in isolation.").

IT IS THEREFORE ORDERED that the actions listed on Schedule A are transferred to the Northern District of Ohio and, with the consent of that court, assigned to the Honorable Dan A. Polster for inclusion in the coordinated or consolidated pretrial proceedings.

PANEL ON MULTIDISTRICT LITIGATION

_____
R. David Proctor
Acting Chair

Catherine D. Perry          Matthew F. Kennelly
David C. Norton

---

[2] *See, e.g., In re: Prudential Ins. Co. of Am. Sales Practices Litig.*, 170 F. Supp. 2d 1346, 1347-48 (J.P.M.L. 2001).

IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION          MDL No. 2804

## SCHEDULE A

Central District of California

CITY OF FULLERTON, ET AL. v. CEPHALON, INC., ET AL., C.A. No. 8:19−02235

Eastern District of Missouri

CLINTON COUNTY, MISSOURI v. ALLERGAN PLC, ET AL., C.A. No. 4:19−03169
PIKE COUNTY, MISSOURI v. ALLERGAN PLC, ET AL., C.A. No. 4:19−03170
RAY COUNTY, MISSOURI v. ALLERGAN PLC, ET AL., C.A. No. 4:19−03300
VERNON COUNTY, MISSOURI v. ALLERGAN PLC, ET AL., C.A. No. 4:19−03302
LAWRENCE COUNTY, MISSOURI v. ALLERGAN PLC, ET AL.,
    C.A. No. 4:20−00076
HENRY COUNTY, MISSOURI v. ALLERGAN PLC, ET AL., C.A. No. 4:20−00077

Southern District of Mississippi

SINGING RIVER HEALTH SYSTEM, ET AL. v. GRACE, ET AL.,
    C.A. No. 1:19−00937

District of New Mexico

CITY OF SANTA FE v. PURDUE PHARMA L.P., ET AL., C.A. No. 1:19−01105
CITY OF ALBUQUERQUE v. TEVA PHARMACEUTICALS USA, INC., ET AL., C.A. No.
    1:19−01168

Eastern District of Oklahoma

COAL COUNTY BOARD OF COUNTY COMMISSIONERS v. PURDUE PHARMA,
    LP, ET AL., C.A. No. 6:19−00405

Western District of Oklahoma

JACKSON COUNTY BOARD OF COUNTY COMMISSIONERS v. PURDUE PHARMA LP,
    ET AL., C.A. No. 5:19−01108
LINCOLN COUNTY BOARD OF COUNTY COMMISSIONERS v. PURDUE PHARMA LP,
    ET AL., C.A. No. 5:19−01109
WOODWARD COUNTY BOARD OF COUNTY COMMISSIONERS v. PURDUE
    PHARMA LP, ET AL., C.A. No. 5:19−01110
BOARD OF COUNTY COMMISSIONERS OF NOBLE COUNTY v. PURDUE
    PHARMA LP, ET AL., C.A. No. 5:19−01127 (J. Palk)

Southern District of Texas

DALLAS COUNTY HOSPITAL DISTRICT – PARKLAND MEMORIAL HOSPITAL,
 ET AL. v. AMNEAL PHARMACEUTICALS, INC., ET AL., C.A. No. 4:19−04834

Eastern District of Virginia

ISLE OF WIGHT COUNTY v. MALLINCKRODT, PLC, ET AL.,
 C.A. No. 2:20−00042
NORTHAMPTON COUNTY v. MALLINCKRODT, PLC, ET AL.,
 C.A. No. 2:20−00043
KING AND QUEEN COUNTY v. MALLINCKRODT, PLC, ET AL.,
 C.A. No. 3:20−00037

Western District of Virginia

CITY OF BUENA VISTA, VIRGINIA v. MALLINCKRODT PLC, ET AL.,
 C.A. No. 6:20−00005